UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY GILMORE,

    Petitioner,

                                                      Case No. 12-cv-14346
v.                                                   Honorable Patrick J. Duggan

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

      Petitioner Timothy Gilmore, a Michigan state prisoner, has filed a petition for writ of habeas corpus challenging his 2009 plea-based convictions of second degree murder and felony firearm. Respondent Mary Berghuis has moved for summary judgment, arguing that the petition should be dismissed because it is barred by the statute of limitations. After reviewing the pleadings and the Rule 5 materials filed by Respondent, the Court concludes that the petition is time-barred and that equitable tolling is not appropriate under the facts of this case. The Court therefore grants Respondent's motion for summary judgment. The Court also denies a certificate of appealability.

I.

On April 13, 2009, Petitioner pleaded guilty in the Wayne County Circuit Court to second degree murder and felony firearm arising from the killing of Arnaz Edwards. Petitioner was originally charged with first degree murder in the killing, but that charge was dismissed as part of a plea agreement. The trial court sentenced Petitioner on May 7, 2009 to 25 to 40 years' imprisonment on the murder charge, consecutive to a two year sentence for the felony firearm conviction.

Petitioner filed a motion to withdraw his plea, arguing that his plea was involuntary due to ineffective assistance of counsel. The trial court denied this motion on the record on November 20, 2009. Through counsel, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. The application was denied for lack of merit. *People v. Gilmore*, 297808 (Mich. App. Jun. 9, 2010). Petitioner attempted to file an application for leave to appeal this decision with the Michigan Supreme Court. However, his application was late and was returned by the Clerk of the Court without filing on October 4, 2011.

More than a year later, on January 5, 2012, Petitioner filed a motion for relief from judgment with the trial court. In this motion, Petitioner asserted that his constitutional rights were violated by a search at his home and seizure of firearms. Petitioner also asserted that his trial counsel was ineffective because he failed to

investigate evidence regarding a lease agreement and weapon allegedly involved in the shooting. Finally, Petitioner asserted that he had failed to timely file his application for leave to appeal with the Michigan Supreme Court because his appellate counsel was ineffective. The trial court denied the motion on the merits in an order dated June 20, 2012. *People v. Gilmore*, No. 09-000850-01-FC (Wayne Co. Cir. Ct. Jun. 20, 2012). There is no evidence in the record that Petition appealed this denial to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner filed this petition for writ of habeas corpus on October 1, 2012.

## II.

### A.

Respondent has moved for summary judgment on the issue of whether the petition is barred by the statute of limitations applicable to habeas petitions. Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

B.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for habeas petitions filed by state prisoners seeking habeas relief from state court judgments. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually from the date on which the judgment became final by the conclusion of direct review or when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during any time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

"Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S. Ct. 681, 685 (2009). Direct review in Petitioner's case concluded 56 days after the June 9, 2010 decision of the Michigan Court of Appeals denying leave to appeal, because Petitioner did not file a timely application with the Michigan Supreme Court for leave to appeal that decision. Under the Michigan Court Rules in effect at that time, Petitioner had 56 days from the date of the Michigan Court of Appeals' decision to file an application for leave to appeal in the Michigan Supreme Court.

4

*See* M.C.R. 7.302(C)(2). Because Petitioner failed to file an application for leave to appeal within the time allowed, his convictions became final on Wednesday, August 4, 2010, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Gonzalez v. Thaler*, -- U.S. --, 132 S. Ct. 641, 653-54 (2012) (when petitioners do not pursue state-court appeals, judgment becomes final when time for seeking such review under state law expires).

The AEDPA one year limitation period began running the following day, August 5, 2010. Petitioner had one year from that date, until August 5, 2011, to file a timely habeas petition or to file a post-conviction motion that would toll the statute of limitations. Petitioner filed his habeas petition on October 1, 2012, more than one year after the statute of limitations had lapsed.

A properly filed application for state post-conviction relief tolls the statute of limitations. 28 U.S.C. § 2244(D)(2). However, a motion for post-conviction relief that is filed after the statute has already run has no effect; it does not serve to revive a limitations period that has already run. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations") (internal quotation omitted). Petitioner's motion for post-conviction relief was filed in the state court on January 12, 2012, almost five months after the statute of limitations had already

5

expired. Petitioner's motion for post-conviction relief therefore did not toll the AEDPA statute of limitations or otherwise make Petitioner's habeas petition timely.

The petition is therefore untimely unless equitable tolling applies.

### C.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, --, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he shows " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGulielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1936 (2013). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* "Absent compelling equitable considerations, a court should not extend

limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner asserts that the statute of limitations should be tolled because his appointed appellate counsel from the state appellate defender office failed to tell him that the Michigan Court of Appeals had denied his application for leave to appeal until after the deadline for filing an application for leave to appeal with the Michigan Supreme Court had already passed. In support of this argument, Petitioner attaches a November 23, 2010 letter from the state appellate defender office in which his appellate counsel states that the Michigan Court of Appeals has denied his application for leave to appeal, that he has missed the 56-day deadline to file with the Michigan Supreme Court, and that he should file an application as soon as possible and let the court know that he missed the deadline through no fault of his own. The letter also informs Petitioner that he would have one year plus 90 days to file a federal petition for writ of habeas corpus after any order of the Michigan Supreme Court denying his application, and that a timely motion for relief from judgment would toll the statute of limitations.

Petitioner's filings suggest that his appellate attorney was negligent in failing to inform him in a timely manner that his application for leave to appeal had been denied by the Michigan Court of Appeals. His appellate attorney also informed

7

him that he would have one year and 90 days from the date of any order issued by the Michigan Supreme Court, advice which is incorrect under current law. The United States Supreme Court has held that when petitioners do not pursue state-court appeals, the judgment of conviction becomes final when time for seeking such review under state law expires. *See Gonzalez*, 132 S. Ct. at 656. Because Petitioner's application for leave to appeal was submitted past the 56-day deadline set forth by the Michigan Court Rules, the limitation period ran from the date his time for seeking leave to appeal with the Michigan Supreme Court lapsed, not from 90 days after the Michigan Supreme Court acted on his untimely application for leave to appeal.

Even if the Court were to accept that Petitioner's appellate counsel provided ineffective assistance in these respects, and such ineffectiveness constituted an "extraordinary circumstance" that prevented timely filing, Petitioner still does not present a compelling argument for equitable tolling because he has not shown diligence in the time period following his appellate counsel's negligent actions and advice. As of November 23, 2010, at the latest, Petitioner was aware that his application for leave to appeal had been denied by the Michigan Court of Appeals. Petitioner then waited *almost a year* to file an application for leave to appeal with the Michigan Supreme Court, despite his attorney's admonition that he must seek

8

leave to appeal as soon as possible. The Michigan Supreme Court rejected Petitioner's late application for leave to appeal on October 4, 2011. Petitioner then waited *an additional year* after that to file his federal petition. Petitioner was not diligent in pursuing his rights, as is required by *Holland*.

Nor is Petitioner entitled to equitable tolling through a claim of actual innocence. Actual innocence can be the basis for equitable tolling only when a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless error." *McQuiggin*, 133 S. Ct. at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995)). To form the basis for equitable tolling, a claim of actual innocence must be supported by "sufficient new facts such that it is more likely than not that no reasonable juror would have found the defendant guilty." *Souter v. Jones*, 395 F.3d 577, 596 n.11 (6th Cir. 2005). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient" to reach the merits of a time-barred claim. *Schlup*, 513 U.S. at 316, 115 S. Ct. at 861. Here, the actual innocence exception does not afford a basis for equitable tolling because Petitioner presents no new evidence of innocence.

The petition is time-barred by the statute of limitations, and there is no basis to equitably toll the limitations period. Respondent's motion for summary judgment will therefore be granted.[1]

### III.

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604. (2000). Having considered the matter, the

---

[1] The Court also notes that the petition fails to state a valid claim for habeas relief. Petitioner's first claim, that he was denied his fourth amendment rights by an unreasonable search and seizure, is not cognizable on habeas review. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Petitioner's second claim, that his plea was involuntary because he was denied the effective assistance of trial counsel, does not form a basis for habeas relief because the state has met its burden of producing a transcript of the plea colloquy, *see Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993), and Petitioner has failed to meet his burden of rebutting the presumption of correctness afforded to the state court's finding that his plea was proper. *See id.*

Court concludes that reasonable jurists could not debate the correctness of its procedural ruling. Furthermore, the Court finds the petition fails to state a valid claim of the denial of a constitutional right. Accordingly, the Court denies a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that Respondent's Motion for Summary Judgment [ECF No. 7] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's application for the writ of habeas corpus [ECF No. 1] is **DISMISSED WITH PREJUDICE** and the Court declines to issue a certificate of appealability.

Dated: November 4, 2013    s/PATRICK J. DUGGAN
United States District Judge

Copies to:
Timothy Gilmore, #728396
Ernest C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

AAG Laura Moody
AAG Linus R. Banghart-Linn